111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VALLEY ENGINEERS, Plaintiff-Appellee,
v.
AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellee,
ELECTRIC ENGINEERING COMPANY, a Florida Corporation,
Defendant-counter-claimant--Appellant,
v.
William B. BETCHART; Calpine Corporation, a California
Corporation, Counter-defendants--Appellees,
v.
ENERVEST CORPORATION, a Colorado Corporation,
Third-party-defendant--Appellee.
 No. 96-15407.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided April 17, 1997.
 
 Before: ALARCN, BEEZER, O'SCANNLAIN, Circuit Judges:
 
 
 1
 ORDER*
 
 
 2
 The parties are in agreement that we have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291. Because we are a court of limited jurisdiction, however, we must determine sua sponte whether we have appellate jurisdiction, Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).
 
 
 3
 Electrical Engineering Company ("EEC") has appealed from the district court's order, filed on June 24, 1994, striking all of its claims against Credit Suisse; Bruce Brown, the vice president of Credit Suisse; Calpine Corporation; William Betchart, a Calpine engineer; the Enervest Corporation; and the Enervest Management Corporation, and entering a default judgment on the issue of liability in Nugget Hydroelectric's claim against EEC, as a sanction for EEC's violation of the district court's order that EEC produce documents to Credit Suisse and Bruce Brown. The June 14, 1994 sanction order did not dispose of EEC's cross claim for declaratory relief against American Home Assurance Company ("AHA"). In its cross claim, EEC prayed for a declaration that it was not liable for indemnification to its surety because it fully performed all of its contractual duties.
 
 
 4
 On July 25, 1994, the district court entered a clarifying order in which it stated that the June 24, 1994 sanction order was interlocutory, and that a final judgment would not be entered until it determined the issue of damages.
 
 
 5
 Thereafter, on January 31, 1995, the district court granted the motion filed by Credit Suisse, Nugget Hydroelectric, L.P. ("Nugget"), and Valley Engineers, Inc. ("Valley") to dismiss each of their claims against EEC with prejudice pursuant to Rule 41(a)(2). On November 13, 1995, trial commenced on the amount of damages that AHA owed to Credit Suisse on its claim against AHA, and on the claims it acquired from Valley and Nugget against AHA. On January 9, 1996, Credit Suisse, Valley, Nugget, and AHA filed a stipulation for the entry of a judgment of dismissal with prejudice pursuant to Rule 41(a)(1)(ii). The caption on the order of dismissal reads as follows:
 
 
 6
 VALLEY ENGINEERS INC., NUGGET HYDROELECTRIC, L.P., and CREDIT SUISSE,
 
 
 7
 Plaintiffs,
 
 
 8
 v.
 
 
 9
 AMERICAN HOME ASSURANCE COMPANY,
 
 
 10
 Defendant.
 
 
 11
 The stipulation was signed by attorney Joseph J. Wheeler on behalf of Valley, Nugget, and Credit Suisse, and attorney Dale C. Campbell for AHA.
 
 
 12
 On February 7, 1996, EEC filed its notice of appeal. The notice of appeal states that the January 9, 1996 stipulation and order of dismissal made final the district court's June 24, 1996 sanction order and also served "as a final order of dismissal of Electric Engineering Company's counterclaim [sic] for Declaratory Relief against American Home Assurance." We disagree.
 
 
 13
 With certain exceptions not applicable under the circumstances presented in this record, we have no jurisdiction to review a district court's judgment until it has disposed of all the claims pending before it. Blazak v. Ricketts, 971 F.2d 1408, 1416 (9th Cir.1992) ("A judgment is not final under 28 U.S.C. § 1291 if it leaves active claims unresolved.").
 
 
 14
 The January 9, 1996 stipulation and order of dismissal made no reference to the June 24, 1994 interlocutory sanction order striking EEC's claims against Credit Suisse, Brown, Calpine, Betchart, and the Enervest Companies, and entering judgment by default on the claims filed by Nugget. Furthermore, the dismissal order did not mention or dispose of EEC's cross-claim against AHA.
 
 
 15
 The district court did not enter a final order regarding the sanctions against EEC, or EEC's declaratory relief claim against AHA, prior to the filing of the notice of appeal, nor was it requested to do so. Upon the filing of the notice of appeal, the district court was divested of jurisdiction to take any further action in this matter without leave of this court. Griggs v. Providence Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam).
 
 
 16
 Because no final judgment has been entered regarding the June 24, 1994 sanction order, and the district court has not conducted any proceedings nor determined the claim for declaratory relief, we lack jurisdiction over the issues raised in this appeal. Our dismissal of this appeal will not bring closure to this matter. The district court must now determine whether it should issue a declaration resolving the question whether AHA is entitled to indemnification against EEC. The court must also determine whether it still wishes to impose the sanctions against EEC set forth in its June 24, 1994 order. We cannot tell from the present record how the circumstances that have occurred in this matter since June 24, 1994, i.e., the Rule 41 dismissal of all claims against EEC with prejudice, and the settlement and subsequent stipulated order of dismissal of the claims against AHA, may have affected the district court's determination to impose sanctions against EEC. See Fed.R.Civ.P. 54(b) (providing that in the absence of an order directing the entry of a final judgment "any order ... which adjudicates fewer than all the claims ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). Only the entry of a judgment as prescribed by Rule 58 of the Federal Rules of Civil Procedure will definitively signify that the district court has finally completed its work on this case.
 
 
 17
 Each side is to bear its own costs.
 
 
 18
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3